

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 19, 1985

Honorable Oscar H. Mauzy
Chairman
Committee on Jurisprudence
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas   78711

Opinion No.  JM-393

Re:  Interpretation of Rider No. 7
to the appropriation for the Texas
Adult Probation Commission in the
General Appropriations Act passed
by the Sixty-ninth Legislature

Dear Senator Mauzy:

You have asked a question about language in a rider to the General Appropriations Act passed by the Sixty-ninth Legislature. Rider No. 7 to the appropriation for the Texas Adult Probation Commission provides:

> It is the intent of the Legislature that the Adult Probation Commission shall reduce per capita state aid payments to local probation departments by a sum equal to the amount by which the local probation departments' actual payments for mileage or monthly car allowances exceed the payments which would be justified using the state mileage reimbursement rate upon a determination by the Adult Probation Commission that the actual payments did exceed the state mileage reimbursement rate. In viewing the mileage or car allowances paid by local probation departments and <u>in making related adjustments in per capita aid, the Adult Probation Commission shall not consider mileage or car allowances provided to individuals employed by probation departments as of May 31, 1985.</u> (Emphasis added).

General Appropriations Act, Acts 1985, 69th Leg., ch. 980, at 7452.

The underlined language is, in effect, a grandfather clause. You state that some local probation departments are interpreting that clause as not applying to probation officers who were trainees on May 31, 1985, and who have now become regular probation officers.

Assuming this rider is valid, the clause in question applies to persons who were employees on May 31, 1985. It is not limited to

persons who were probation officers on that date. Anyone who works for a probation department for compensation is an employee. See Northwestern National Life Insurance Company v. Black, 383 S.W.2d 806, 809, 810 (Tex. Civ. App. - Texarkana 1964, writ ref'd n.r.e.); Ackley v. State, 592 S.W.2d 606, 608 (Tex. Crim. App. 1980). Thus, if trainees receive compensation from local probation departments, they are employees of such departments. The grandfather clause in the rider set out above applies to anyone who was an employee of a local probation department on May 31, 1985.

S U M M A R Y

If the rider is valid, the grandfather clause in Rider No. 7 to the appropriation for the Texas Adult Probation Commission in the General Appropriations Act enacted by the Sixty-ninth Legislature applies to anyone who was an employee of a local probation department on May 31, 1985.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General